IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOSE REYES GONZALES,
Petitioner,

v. Civil No. 3:26cv739 (DJN)

JEFFREY CRAWFORD, *et al.*,
Respondents.

**MEMORANDUM ORDER**
**(Directing Response to 28 U.S.C. § 2241 Petition)**

This matter comes before the Court on Petitioner Jose Reyes Gonzales's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")), Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2 ("IFP Motion")), and Motion to Appoint Counsel (ECF No. 3). Upon due consideration, the Court hereby GRANTS Petitioner's IFP Motion (ECF No. 2). Petitioner may proceed in this case without paying the Court's filing fee. The Petition shall be FILED.

The Court further finds that the Petition complies with Rule 2(c)(5) of the Rules Governing § 2254 Cases in U.S. District Courts.[1] Having considered Petitioner's Petition, it appears to the Court that the factual circumstances and legal issues presented in this Petition may be materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

The Court hereby ORDERS that:

1 Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

1. Respondents SHALL file, by August 7, 2026, either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Ortega Miranda v. Bondi, et al.*, Civil Case No. 3:25cv769, (E.D. Va. Feb. 3, 2026), ECF No. 19, or an explanation as to why material factual or legal differences between *Ortega Miranda* and this Petition exist.

2. If Respondents agree that no material differences exist between this Petition and *Miranda Ortega*, each of the substantive filings in that habeas proceeding will be incorporated into this proceeding for purposes of judicial efficiency, subject to any case-specific factual distinctions properly preserved by Respondents, and this Court will issue a ruling without further filings from the parties. Rule 7(E) of the Local Rules for the United States District Court for the Eastern District of Virginia shall not apply to this action.

It is FURTHER ORDERED that Petitioner IS NOT to be removed or transferred from this District for any reason without this Court's permission. If Petitioner has already been removed or transferred from this District, it is ORDERED that Petitioner IS NOT to be removed or transferred again without this Court's permission.

Finally, the Court DENIES Petitioner's Motion to Appoint Counsel (ECF No. 3). The Fourth Circuit has stated that "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978). Based on his filings, the Court finds no indication that Petitioner lacks the capacity to present his claim. Accordingly, the

Court rejects Petitioner's Motion to Appoint Counsel for lack of merit.

The Clerk is DIRECTED to forward a copy of this Order to Petitioner and to the United States Attorney's Office for the Eastern District of Virginia, Richmond Division.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: July 31, 2026